[No. B023658. Second Dist., Div. Six. Sept. 14, 1987.]

MIKE KNOELL, Plaintiff and Appellant, v.
CITY OF LOMPOC et al., Defendants and Respondents.
LESTER BANDIETTI et al., Interveners and Respondents.

## COUNSEL

Rogers & Sheffield and Anthony C. Fischer for Plaintiff and Appellant.

David H. Hirsch, City Attorney, Adams, Duque & Hazeltine, Richard R. Terzian and Richard E. Kraft for Defendants and Respondents.

Susan Trescher for Interveners and Respondents.

## OPINION

WILLARD, J.*— Appellant applied for a writ of mandate to compel the Lompoc City Clerk to certify approval of a tentative parcel map for division of a residential lot into two separate parcels. His contention was that the city failed to act within an applicable statutory time limit, with the result that the map was approved as a matter of law. The trial court denied the petition. We affirm.

### FACTS

Appellant purchased a 14,000-square-foot parcel of property in the City of Lompoc. It was improved with a house that was in a deteriorated condition. The city zoning ordinance permitted lots of no less than 7,000 square feet. Appellant planned to divide the parcel into two lots, rehabilitate the house, which would be located solely on one of the lots, and hold the other lot for development or sale. To this end he filed an application with the planning commission, of which he was one of the five members, for approval of a tentative parcel map showing the lot division. When the matter came

---

*Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.

on for hearing it was opposed by neighbors. The commission, with appellant abstaining, granted the approval.

The neighbors, on February 7, 1986, appealed to the city council, and the matter was set for hearing on March 4. The hearing commenced that day and continued into the early morning hours of March 5 without concluding. At that time the council adjourned the hearing to March 18. Appellant was present and did not object.

On March 12 appellant addressed a memorandum to members of the council, stating that the time for processing objections had expired, resulting in approval as a matter of law. Attached to the memorandum were 35 pages of documentary evidence (including maps, drawings, an appraisal, and lengthy argument) in support of appellant's contention that the tentative parcel map was consistent with the city's ordinances and applicable state laws, and attacking the neighbors' arguments to the contrary.

Pursuant to the prior continuance, the hearing was resumed on March 18; evidence was received and argument presented. At the conclusion of the hearing the council adopted a resolution finding, among other things, that the proposed lot division was inconsistent with the city's general plan and that the site was not suitable for the proposed development. The resolution went on to uphold the neighbors' appeal and to deny approval of the tentative parcel map. The following day appellant wrote to the city clerk demanding that she certify approval (by operation of law) of the map, and upon her refusal to do so sought a writ of mandate from the superior court to compel such action.

DISCUSSION

Appellant contends that his tentative parcel map was automatically approved 37 days after the appeal was filed because the city council had not then concluded its hearing and acted on the appeal. This conclusion is dependent upon the premise that the matter is controlled by Government Code sections 66452.4 and 66452.5, subdivision (d). The latter section provides: "Where local ordinance so provides, any interested person adversely affected by a decision of the advisory agency . . . may file a complaint with the governing body concerning any decision of the advisory agency . . . . Upon the filing of the complaint, the governing body may set the matter for hearing. Such hearing shall be held within 30 days after the filing of the complaint. . . . [¶] Upon conclusion of the hearing the governing body shall, within seven days, declare its findings based upon the testimony and documents produced before it or before the advisory board . . . . It may

sustain, modify, reject, or overrule any recommendations or rulings of the advisory board . . . ."

Government Code section 66452.4 states: "If no action is taken upon a tentative map . . . the legislative body within the time limits specified in this chapter or any authorized extension thereof, the tentative map as filed, shall be deemed to be approved, insofar as it complies with other applicable requirements of this division and local ordinance, and it shall be the duty of the clerk of the legislative body to certify such approval."

Respondents counter that these sections are inapplicable to lot divisions involving less than five parcels, as contrasted to subdivisions into five or more parcels. They rely on Government Code section 66463, which in part states: ". . . the procedure for processing, approval, conditional approval, or disapproval and filing of parcel maps and modifications thereof shall be as provided by local ordinance." Pursuant to such authority, the City of Lompoc adopted an ordinance prescribing a procedure for approval of lot divisions into less than five parcels. While that procedure calls for a tentative parcel map (not required by the Gov. Code for such lot divisions) and places a time limit for action by a review board and by the planning commission, it does not place a time limit for action by the city council on an appeal. Respondents argue that this permits the council to hold a hearing and to act on an appeal within any reasonable time. They contend that in this case the times involved were reasonable.

Although the foregoing issue is apparently one of first impression and has been vigorously argued by counsel, its determination is unnecessary to a decision in this case. Assuming that appellant is correct in his contention that Government Code section 66452.5, subdivision (d) is applicable, the time limitations prescribed therein were not exceeded.

The statute provides that any interested person may file a complaint concerning the action of the advisory agency. It then provides: "Upon the filing of the complaint, the governing body may set the matter for hearing. Such hearing shall be held within 30 days after the filing of the complaint." Appellant assumes that this requires that the hearing be *completed* within 30 days. The statute contains no such express requirement. To the contrary, the provision for holding the hearing within 30 days follows immediately the provision that the matter may be set for hearing. The words "set" and "held" appear to be used synonymously.

Any other construction of the statute could lead to unreasonable results. Suppose the hearing is set and commenced in a timely manner, consistent with the giving of reasonable notice to the interested parties, but that it

cannot be completed within 30 days; or that during the hearing a necessary party becomes ill; or that, as in this case, the hearing goes on past midnight without conclusion. In any of such circumstances a reasonable continuance is required as a matter of fairness.

The decision of the trial court is supported by an additional reason. In the early morning hours of March 5, 1986, it was decided that the hearing should be continued, and it was continued to March 18. Appellant was present and made no objection either to a continuance or to the date selected for the continuation. The trial judge found this to be an implied consent to the continuance. We agree.[1]

The judgment is affirmed.

Stone, P. J., and Gilbert, J., concurred.

---

[1] In criminal proceedings it has been held that failure of defendant to object to a trial setting beyond the statutory time limit constitutes implied consent and a waiver of the right to dismissal. "[I]f a defendant intends to stand upon his right to a trial within the 60-day period he must take some action to inform the court that he does not waive his right. Failure to object is the equivalent of consent." (*People* v. *O'Leary* (1955) 130 Cal.App.2d 430, 436 [278 P.2d 933]; see also Witkin, Cal. Criminal Procedure (1963) Trial, § 316, p. 310, and cases cited therein.)